GERSTENFELD et al. v. GERMAN.

(Supreme Court, Appellate Term. May 24, 1910.)

1. BROKERS (§ 49*)—COMPENSATION—PERFORMANCE OF CONTRACT—SUFFICIENCY.

A broker, employed to procure a loan on mortgage security, to be closed December 31, 1909, who procures an acceptance of defendant's application on condition that the loan be closed at once and that the title be satisfactory, and other requirements under the rules of the lender be fulfilled, and that $5,000 additional insurance be taken out, was not en-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

titled to recover his compensation, since this did not constitute an acceptance of the application as made by defendant.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 72; Dec. Dig. § 49.*]

2. BROKERS (§ 49*)—COMPENSATION—PERFORMANCE OF CONTRACT—SUFFICIENCY.

Where a broker was employed to procure a loan for defendant to be closed December 31, 1909, who procures the acceptance of defendant's offer subject to certain conditions, which the defendant refuses to accept, and the loan is never consummated, and it is not shown that a letter accepting the application of defendant, who was unable to read English, was either read to him or that he was definitely informed as to any new terms imposed by the acceptance of his application, the broker was not entitled to recover compensation on the theory of acceptance by defendant of the new terms and conditions.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 49.*]

3. BROKERS (§ 86*)—ACTIONS FOR COMPENSATION—ADMISSIONS BY COUNSEL.

In an action by a broker for procuring a loan for defendant, the concession of defendant's counsel that plaintiff procured a party ready and willing to make a loan on certain conditions not contained in defendant's offer did not amount to an admission that he procured a loan on the terms of the original employment, so as to prevent a dismissal of the action.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 86.*]

Appeal from City Court of New York, Trial Term.

Action by Meyer Gerstenfeld and another against Herman German. From a judgment in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Harold M. Phillips, for appellant.

I. Gainsburg, for respondents.

GUY, J. An appeal is taken by defendant from a judgment in favor of plaintiffs for $350, based upon the verdict of a jury. The action is brought to recover damages for alleged breach of contract. Plaintiffs, who are real estate brokers, allege that they were employed by defendant to procure a loan to be secured by mortgage on defendant's real property for $34,000, to take the place of a mortgage that was to expire in about three months subsequent to the time of making the alleged contract. Defendant denies the making of the contract, or that plaintiffs rendered any services to defendant. The verdict of the jury may be deemed a finding in favor of plaintiffs upon the disputed question of employment, and there is sufficient evidence to sustain such a finding.

The question then arises whether the plaintiffs, by competent evidence, proved performance of the contract on their part. The plaintiff Gerstenfeld testified that on September 22, 1909, his attention having been called through a newspaper to the fact that a mortgage on defendant's property would expire on December 31st of that year, called upon defendant and offered his services as a broker in the procuring of a new mortgage; that defendant told him he wanted to get a first mortgage of $34,000 at 4½ per cent., to run for five years, and that the present mortgage would expire December 31, 1909; that the

plaintiff offered to procure such a mortgage, in consideration of being paid for his services as broker $600, such sum "to cover all expenses, such as lawyer's fees, recording fees, mortgage tax, etc."; that defendant told him to "go ahead and get it"; that he subsequently made various unsuccessful efforts to procure the loan, and on October 4th or 5th he called upon defendant in company with the plaintiff Glickman, another broker, and told defendant that he could not get the loan at 4½ per cent., and that he had asked Glickman to help him get the loan; that defendant then said, "I will take it, if you can get it;" that Glickman then produced a written application, and asked defendant to sign it, but defendant refused to sign, saying, "I gave Mr. Gerstenfeld [plaintiff] my word, and my word is as good as my bond;" that they went away, and returned on October 14th, and told defendant that they had procured an acceptance of the loan from the Mutual Life Insurance Company, and produced a letter from that company, dated October 13, 1909 (which letter was offered in evidence by plaintiffs); that they made arrangements with defendant to come around on the following Saturday morning to complete the transaction; that they called on the following Saturday morning, and defendant refused to carry out the contract.

The application made by plaintiffs to the insurance company contained, in the handwriting of one of the plaintiffs, the clause, "Loan shall be closed December 31, 1909." This provision, therefore, must be regarded as part of the terms upon which plaintiffs allege they were employed by defendant to procure the loan, and, in view of the fact that the then existing mortgage would not expire until December 31st, form a material part of the terms of hiring. The letter of acceptance from the insurance company does not show an acceptance of this part of the application, but, on the contrary, imposes the condition "provided the loan is closed at once." It also imposes the further conditions:

"Provided title and other requirements under our rules prove satisfactory, * * * $5,000 fire insurance will be required."

These conditions, forming part of the acceptance of the loan by the insurance company, constituted a material variance from the terms upon which plaintiffs allege they were hired by defendant to obtain a loan, and on this evidence the plaintiffs would not be entitled to recover. Plaintiffs sought to cure this defect in their proof by claiming that there was an acceptance of the loan by defendant upon the new terms and conditions as set forth in the letter of acceptance written by the insurance company. It appears, however, from the evidence, that defendant was unable to read English, and there is no evidence that the letter was either read to him, or that he was definitely informed as to any new terms or conditions imposed by the insurance company. This was essential to plaintiffs' recovery. See Backer v. Ratkowsky, 122 N. Y. Supp. 225. Had the loan been actually accepted, and the transaction completed, so that defendant derived benefit from plaintiffs' services, it might be assumed that defendant had agreed to a modification of the terms and conditions, and had accepted the loan on such new terms; but it is conceded by plaintiffs that de-

fendant at the next interview refused to accept the loan from the insurance company and that the transaction was never consummated. The plaintiffs have failed, therefore, to prove either that they produced a person ready, able, and willing to make the loan on the terms of the original alleged hiring by the defendant, or that, having produced a person ready, able, and willing to make the loan on new and different terms, the defendant accepted the loan on such new and different terms.

At the close of plaintiffs' case a motion was made to dismiss the complaint on these grounds, but was denied; the court holding that the defendant had conceded in open court that the insurance company was ready, able, and willing to make the loan. The evidence does not support this ruling. The concession on the part of defendant's counsel related only to the ability and willingness of the insurance company to make the loan referred to in its letter of October 13th, on the terms therein stated, as to which terms the plaintiffs have failed to prove acceptance by defendant. The concession has no reference whatever, so far as appears from the record, to the making of a loan on the terms of the original alleged agreement between plaintiffs and defendant. Plaintiffs failed to make out a cause of action, and the complaint should have been dismissed.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.